WO                                                                                                           JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodolfo De Gante, | No. CV 20-00536-PHX-MTL (MHB) |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Respondents. | |

On March 13, 2020, Petitioner Rodolfo De Gante, who is confined in the Central Arizona Correctional Facility in Florence, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed In Forma Pauperis. In a March 19, 2020 Order, the Court granted the Application to Proceed and dismissed the Petition with leave to amend because Petitioner had failed to allege a constitutional violation. The Court gave Petitioner 30 days to file an amended petition that cured the deficiencies identified in the Order.

On April 16, 2020, Petitioner filed an Amended Petition. In an April 23, 2020 Order, the Court dismissed the Amended Petition without prejudice and with leave to amend because Petitioner had not alleged a constitutional violation. The Court gave Petitioner 30 days to file a second amended petition that cured the deficiencies identified in the Order.

On May 19, 2020, Petitioner filed a Second Amended Petition. In a May 22, 2020 Order, the Court dismissed the Second Amended Petition without prejudice because

TERMPSREF

Petitioner again had not alleged a constitutional violation. The Court gave Petitioner a final opportunity to file a Third Amended Petition that cured the deficiencies identified in the Order.

On June 15, 2020, Petitioner filed a Third Amended Petition (Doc. 9). The Court will require an answer to the Third Amended Petition.

## I.     Third Amended Petition

Petitioner was convicted in Maricopa County Superior Court, case #CR2007-148699, of four counts of sexual conduct with a minor and one count of sexual abuse and was sentenced to consecutive terms of imprisonment of life without the possibility of release for 35 years plus 65 years. In his Third Amended Petition, Petitioner names David Shinn as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises two grounds for relief. In Ground One, Petitioner states that he is mentally ill, intellectually disabled, and a Spanish speaker with an IQ of 61 and was tried and convicted while he was incompetent. Petitioner asserts that the United States Supreme Court has "consistently recognized that trial and conviction of an incompetent defendant violates due process." In the Supporting Facts section, Petitioner cites various Supreme Court cases and asks the Court to "take review of the decision by the Court of Appeals to deny him relief." Petitioner appears to claim that despite his mental illness and intellectual disability, he never underwent a psychiatric evaluation to identify or treat his diagnoses, and his "entire pre-trial detention" violated the United States Constitution.

In Ground Two, Petitioner states, "Low IQ us a mental capacity issue" and that he was incompetent because, as a result of a mental illness, defect, or disability, he was unable to understand the nature and objectives of the proceeding or to assist in his defense. Petitioner cites Arizona Revised Statutes, section 36-551. In the Supporting Facts section, Petitioner cites Supreme Court and Arizona case law and asserts that intellectual disability is a developmental disability defined by statute. Petitioner states that intellectual disability is sub-average general intellectual functioning that exists concurrently with deficits in adaptive behavior manifested before the age of 18. Petitioner contends his conviction was

obtained in violation of his due process rights guaranteed by the both the United States and Arizona Constitutions.

The Court will require Respondents to answer the Third Amended Petition. 28 U.S.C. § 2254(a).

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Third Amended Petition (Doc. 9) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office. Pursuant to the Memorandum of Understanding, copies of the Third Amended Petition and this Order will

TERMPSREF

- 3 -

be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses. Within 2 business days, the Attorney General's Office will acknowledge receipt of the Third Amended Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(2) Respondents must answer the Third Amended Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer. Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims. The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim. If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

. . . .

(5) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 19th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

**TERMPSREF**