**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodolfo De Gante,<br><br>   Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>   Respondents. | No. CV-20-00536-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Michelle H. Burns's Report and Recommendation ("R&R") (Doc. 18) to dismiss Petitioner Rodolfo De Gante's Third Amended Petition for Writ of Habeas Corpus (the "Third Amended Petition"). (Doc. 9.) The Court has reviewed the Third Amended Petition (Doc. 9), Respondents' Limited Answer (Doc. 13), and the R&R (Doc. 18). No party has objected to the R&R. For the reasons expressed below, the Court accepts and adopts the R&R in its entirety.

**I. BACKGROUND**

On October 23, 2008, an Arizona Superior Court jury found Petitioner guilty of four counts of sexual conduct with a minor (Counts 2, 4, 5, and 7) and one count of sexual abuse (Count 6). (Doc. 13-3 at 136–140.) Petitioner was sentenced to life imprisonment on Count 2, with 452 days' presentence incarceration credit; 20 years on Count 4, consecutive to the sentence on Count 2; 20 years on Count 5, consecutive to the sentence on Count 4; 20 years for Count 7, consecutive to the sentence on Count 5; and 5 years for Count 6, consecutive to the sentence on Count 7. (Doc. 13-3 at 175–77.)

Petitioner timely appealed. In a November 19, 2009 memorandum decision, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence, but found that the trial court had miscalculated Petitioner's incarceration credit and awarded him an additional 30 days. (*Id.* at 189–97.) The Court of Appeals' mandate issued on January 28, 2010. (*Id.* at 187–88.) Petitioner then filed a Notice of Post-Conviction Relief in the trial court on March 9, 2010. (*Id.* at 199–202.) It did not identify any grounds for relief. The trial court dismissed the notice as untimely and for failure to indicate any exemptions from the timeliness requirement. (*Id*. at 204–05.)

Ten years later, on March 12, 2020, Petitioner filed his initial Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in this Court. (Doc. 1.) Because of specified deficiencies, the Court dismissed it with leave to amend on March 19, 2020. (Doc. 4.) Petitioner filed two subsequent habeas petitions that were likewise dismissed as deficient. (Docs. 5, 6, 7, and 8.) Petitioner then filed his Third Amended Petition on June 15, 2020, which asserts the following claims:

> Ground One: I am mentally ill intellectually disabled, Spanish speaker with an IQ of 61 was tried and convicted while incompetent. The United States Supreme Court has consistently recognized that the trial and conviction of an incompetent defendant violates due process.
> Ground Two: Low IQ is a mental capacity issue. I am is [sic] incompetent if, as a result of a mental illness, defect or disability, [I am] unable to understand the nature and objectives of the proceedings or to assist in [my] defense.

(Doc. 9 at 6–7.) Petitioner presents no facts or documents in support of his claims. The Court ordered Respondents to answer. (Docs. 9, 10.) Respondents filed a Limited Answer on July 27, 2020, which argued that the Court should not consider Petitioner's arguments because they were time-barred. (Doc. 13.) Magistrate Judge Burns issued the R&R on February 1, 2021. (Doc. 18.) No party has filed objections.

## II. LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254,

a federal district court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews *de novo* those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection made to a magistrate judge's R&R "requires '*specific written objections* to the proposed findings and recommendations.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting Fed. R. Civ. P. 72(b)).

### III. DISCUSSION

The R&R recommends that the Third Amended Petition be denied. (Doc. 18 at 7.) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year statute of limitations shall apply to a petition for writ of habeas corpus by a person in state custody. *See* 28 U.S.C. § 2244(d)(1). (*Id.* at 6–11.) Petitioner's deadline to timely file a habeas petition was December 21, 2010. (Doc. 18 at 4.) The R&R concludes that Petitioner's claims did not equitably toll the deadline (which Petitioner did not argue), rendering it untimely. The R&R also instructed the parties that they had "fourteen days" to file an objection, and that failure to timely do so "may result in the acceptance of the [R&R] by the District Court without further review." (*Id.* at 8.)

The parties did not file objections. Although it has no obligation to do so, the Court nonetheless has reviewed the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court agrees with Magistrate Judge Burns's R&R and adopts it in its entirety. Upon review, the Court also agrees with the R&R's recommendation to deny a certificate of appealability. (Doc. 18 at 7.)

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** adopting the Report and Recommendation. (Doc. 18.)

**IT IS FURTHER ORDERED** denying the Third Amended Petition for Writ of Habeas Corpus (Doc. 9) and dismissing it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability and denying leave to proceed in forma pauperis on appeal.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 2nd day of April, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge